UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Operating Engineers Local #49 Health and Welfare Fund and Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program and their Trustees, | Case No. 09 CV-0946 (JNE/AJB) |
| Plaintiffs, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Western Steel Erection, Inc. | |
| Defendant. | |

_____

By assignment from the Honorable Joan N. Ericksen, this matter came before the undersigned United States Magistrate Judge, upon the Plaintiffs Motion for Entry of Judgment. A hearing was held on February 24, 2009. Michael P. Eldridge of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## **FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on April 24, 2009. Defendant's authorized agent was personally served with the Summons and Complaint in this matter on April 27, 2009.

2. Defendant failed to file and serve a response or Answer to the Summons and Complaint.

3. The Clerk entered default on May 21, 2009.

4. Plaintiffs are the Trustees and fiduciaries of the Operating Engineers Local #49 Health

1

and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program ("Funds").

5. The Funds are multi-employer jointly-trusted fringe benefit plans created and maintained pursuant to provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

6. The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

7. At all times material herein, Defendant Western Steel Erection, Inc. ("Western Steel") was bound to the terms of a Collective Bargaining Agreement between the Associated General Contractors of Minnesota, Builders Division, and the International Operating Engineers Local #49 ("Collective Bargaining Agreement").

8. The Collective Bargaining Agreement requires Western Steel to contribute every month, not later than the 15th day of the following month contributions to the Funds in an amount set forth in the Collective Bargaining Agreement for each hour worked by Western Steel's employees covered by the Collective Bargaining Agreement.

9. The Collective Bargaining Agreement requires Western Steel to calculate the contributions due and owing in any given month to the Funds on a report form which must be submitted with Western Steel's monthly payment to the Funds.

10. The Collective Bargaining Agreement states that an employer shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 15th day of the following month.

11. The Collective Bargaining Agreement also permits the Funds or their authorized agents

to examine the employer's payroll and employment records whenever such examination is deemed necessary by the Funds in connection with the proper administration of the Funds.

12. The Funds' authorized agent conducted an audit of Western Steel's payroll and employment records for the period of January 2008 through September 2009 ("Audit Period").

13. In conducting the audit, the Funds' authorized agent determined that there were hours worked by Western Steel's employees covered by the Collective Bargaining Agreement for which contributions were not made to the Funds, and created an audit invoice setting forth these contributions.

14. Specifically, the Funds' authorized agent determined that $41,617.24 was due and owing the Funds for delinquent contributions for the Audit Period.

15. After the filing of the Complaint, Western Steel submitted payments to the Funds totaling $21,000.00 for delinquent contributions relating to the Audit Period. Western Steel is entitled to a credit for these payments.

16. Currently, $20,617.24 remains due and owing the Funds for delinquent contributions for the Audit Period.

17. The Collective Bargaining Agreement states Western Steel must pay, as liquidated damages, an amount equal to 15% of the delinquent payment otherwise due.

18. Currently, $6,242.59 remains due and owing the Funds for liquidated damages for the Audit Period.

19. The Collective Bargaining Agreement states that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees,

service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

20. The Funds incurred attorneys' fees and costs in pursuing this delinquency in the amount of $1,664.71. These attorneys' fees and costs were reasonable under the circumstances and limited to performing those services necessary for the prosecution of the Funds' claims.

21. The total amount due and owing the Funds for the Audit Period for delinquent contributions, liquidated damages, and attorneys' fees and costs is $28,524.54.

## CONCLUSIONS OF LAW

1. Defendant is in default, and Plaintiffs are entitled to entry of judgment for the relief sought in the Complaint.

2. Defendant owes the Funds $26,859.83 for fringe benefit contributions and liquidated damages remaining due for the audit period of September 2008 through September 2009.

3. Defendant owes $1,664.71 for attorney fees and costs to the Funds.

## RECOMMENDATION

After having heard the arguments of counsel, and upon the record herein,

**IT IS HEREBY RECOMMENDED** that:

1. That Plaintiffs' Motion for Entry of Judgment be granted.

2. That judgment in the amount of $28,524.54 shall be entered against Defendant in favor of the Funds.

3. Upon adoption of this Recommendation, this Court will issue an Order for Entry of Judgment.

Dated:    3/1/2010                           BY THE COURT:

                                             s/ Arthur J. Boylan
                                             The Honorable Arthur J. Boylan
                                             United States Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before March 15, 2010.